STATE OF NORTH CAROLINA v. ARTHUR LEON MAYFIELD

No. 8426SC694

(Filed 7 May 1985)

1. **Burglary and Unlawful Breakings § 7— first-degree burglary—instruction on felonious breaking or entering not required**

    The trial court in a first-degree burglary case was not required to instruct the jury on the lesser included offense of felonious breaking or entering where the evidence tended to show only that defendant forcibly entered the victim's apartment by breaking through a screened window and would not permit the inference contended by defendant that defendant entered the apartment without force through an open, unscreened window.

2. **Criminal Law §§ 66, 111.1— instruction on identification testimony**

    The trial court's instruction on identification testimony was sufficient where it emphasized that proof of defendant's identity as the perpetrator of the crime was an essential element of the case which the State had to prove beyond a reasonable doubt.

APPEAL by defendant from *Downs, Judge*. Judgment entered 19 January 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 March 1985.

Defendant was charged with and convicted of first degree burglary in violation of G.S. 14-51 and second degree rape in violation of G.S. 14-27.3. The State's evidence tended to show that: The defendant climbed through Barbara Elizabeth Hoey's apartment window in the early morning hours of 10 July 1983, threatened to hurt her unless she stopped screaming, and had sexual intercourse with her against her will. Before defendant's entry into the apartment, the window that he used was up but it was covered with a screen that was locked in position within the frame of the window. Later that morning when the police came the screen was found bent out of shape lying on the ground under the window.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

PHILLIPS, Judge.

[1] Both of defendant's assignments of error relate to the trial court's instructions to the jury. The first error assigned is the court's failure to instruct the jury on the lesser included offense of felonious breaking and entering when charging on the first degree burglary indictment. While felonious breaking or entering, which is the breaking *or* entering of *any building* with intent to commit any felony or larceny therein, G.S. 14-54(a), is a lesser included offense of first degree burglary, which is the breaking *and* entering of an occupied dwelling or sleeping apartment during the nighttime with the intent to commit a felony therein, the court was not required to charge on it, in our opinion. The trial judge is not required to submit an issue to the jury that the evidence does not raise. *See, State v. Foust*, 258 N.C. 453, 128 S.E. 2d 889 (1963). The State's evidence, all that the jury had to go on since the defendant presented none, tended to show only that defendant forcibly entered the apartment by breaking through a screened window; it did not tend to show, as defendant contends, that defendant entered the apartment without force through an open,

unscreened window. Since the evidence tended to show only a burglarious breaking and entry that was the only kind of entry that the court was required to charge on.

[2]  Defendant's other assignment, that the court erred in instructing the jury with regard to the identification testimony, is likewise without merit. The instruction given followed that approved in *State v. Martin*, 53 N.C. App. 297, 280 S.E. 2d 775 (1981) almost verbatim. There is no exact form in this state for instructing on the identification of one charged with crime. *State v. Silhan*, 302 N.C. 223, 275 S.E. 2d 450 (1981). When a defendant's identity is questioned all that is required is that the court emphasize that proving the defendant's identity as the perpetrator of the crime is an essential element of the case, which the State must prove beyond a reasonable doubt. *State v. Green*, 305 N.C. 463, 290 S.E. 2d 625 (1982). This the court did.

No error.

Judges WEBB and MARTIN concur.